**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mark Picozzi,<br><br>      Petitioner<br><br>v.<br><br>Jeremy Bean,<br><br>      Respondent | Case No. 2:26-cv-01352-JAD-NJK<br><br>**Order Granting Motion for Appointment of Counsel and Directing Service of Petition**<br><br>[ECF Nos. 1, 3] |

Pro se petitioner Mark Picozzi has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, paid his filing fee, and moved for the appointment of counsel.[1]  Having conducted an initial review of this matter under the Rules Governing Section 2254 Cases ("Habeas Rules"), I grant the motion for appointment of counsel, provisionally appoint the Federal Public Defender as counsel for Picozzi, and direct service of the petition.

**Background**[2]

Picozzi challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County.[3]  On August 1, 2016, the state court entered a judgment of conviction, following a jury trial, convicting Picozzi of two counts of impersonating an officer; two counts of oppression under color of office; four counts of sexual assault, robbery, battery with intent to commit sexual assault; and three counts of open or gross lewdness.  Picozzi was sentenced to life

---

[1] ECF Nos. 1, 3.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[3] *State of Nevada v. Mark Picozzi*, C-14-296618-1.

without the possibility of parole.  He appealed, and the Nevada Supreme Court affirmed on June 8, 2018.[4]

Picozzi filed a state habeas petition on June 21, 2018, which was denied on November 27, 2024.  Picozzi appealed, and the Nevada Court of Appeals affirmed on March 12, 2026.[5] Remittitur issued on April 2, 2026.

**Discussion**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[6]  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[7]  I find that a response is warranted in the instant case, so I direct the Clerk of Court to serve it on the respondent.

Turning to the motion for the appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[8]  An indigent petitioner may request appointed counsel to pursue that relief.[9]  The decision to appoint counsel is generally discretionary.[10]  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a

---

[4] *Mark Picozzi v. State of Nevada*, No. 71165.

[5] *Mark Picozzi v. State of Nevada*, No. 89720-COA.

[6] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[7] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[9] 18 U.S.C. § 3006A(a)(2)(B).

[10] *Id*. (authorizing appointed counsel when "the interests of justice so require").

person of such limited education as to be incapable of fairly presenting his claims.[11]  I find that the appointment of counsel is in the interests of justice, given, among other things, Picozzi's life sentence and the complexities of this case.

**Conclusion**

IT IS THEREFORE ORDERED that the motion for appointment of counsel **(ECF No. 3) is GRANTED.**  The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Picozzi by filing a notice of appearance or (2) indicate the office's inability to represent Picozzi in these proceedings.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

- **ADD** Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondent

- **SERVE** the respondent's counsel a copy of the petition (ECF No. 1), this order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing

- **SEND** a copy of this order to the Federal Public Defender, Picozzi, and the CJA Coordinator for this division

IT IS FURTHER ORDERED that the respondent's counsel must enter a notice of appearance within 7 days of entry of this order.

Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Picozzi remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by

---

[11] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.[12]

Dated: May 11, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4